Matthew J. Jasen, J.
This is an appeal from a judgment of conviction of violation of section 20 (subd. 4, par. a) of the Vehicle and Traffic Law, rendered in Part III of the City Court of Buffalo, June 22, 1960 [Casimer T. Partyka, J.].
On May 31, 1960, a police officer stopped a vehicle in which the defendant was the passenger; the driver said he did not have a driver’s license; the defendant showed the officer his operator’s license and automobile ownership indicating he owned the vehicle; the officer then issued a summons against defendant for allowing an unlicensed operator to drive his vehicle; the officer testified that the defendant ‘ ‘ was certain the man had a. license and we asked him if he asked him, and he said he didn’t know he didn’t have one. He didn’t ask him.”
After the police officer had testified, the prosecution rested whereupon the defendant made a motion to dismiss on the ground that one of the elements of the violation is knowledge on the part of the defendant that the driver did not have a license, which was not proven. In denying the motion to dismiss, the court said that “ There is an obligation on the part of a person permitting another to drive his car to make certain he has an operator’s license before he permits him to drive.”
In People v. Shapiro (4 N Y 2d 597, 600-601) the court said: ‘ ‘ the prosecution [has] the burden of establishing circumstances from which knowledge on the owner’s part that the driver was not duly licensed could reasonably be inferred. * * * ‘ The statute does not require or place upon the owner of a motor vehicle the burden or duty to make inquiry as to whether or not the person authorized or permitted to operate the motor vehicle was duly licensed.’ ”
In reading the trial record, this court cannot find any facts from which it might be reasonably inferred that the defendant knew that the driver of his automobile was not licensed to drive. In order to sustain a conviction for violating section 20 (subd. 4, par. a) of the Vehicle and Traffic Law, requires that the prosecution establish some fact or circumstance from which it may be inferred that the owner of the automobile had knowledge that the person whom he allowed to operate his automobile was not properly licensed to drive as required by law.
Since an essential element of the prosecution’s case was the establishment of the defendant’s knowledge, either actual or *39 by proof of circumstances warranting an inference of such knowledge of the fact that the person operating his car with his consent was an unlicensed driver, the judgment of conviction ■must be reversed on the law and the fine remitted.